


# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-887

| | |
|---|---|
| ROBIN CLONINGER | **Opinion Delivered** February 25, 2015 |
| APPELLANT | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. JV-13-11] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN | HONORABLE TERRY SULLIVAN, JUDGE |
| APPELLEES | |
| | AFFIRMED; MOTION GRANTED |

## M. MICHAEL KINARD, Judge

This is an appeal from an order terminating the parental rights of appellant Robin Cloninger to her minor children, M.C. and K.C. Appellant's counsel has filed a motion to be relieved as counsel and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal. Counsel's brief details all adverse rulings made at the termination hearing and explains why there is no meritorious ground for reversal. Pursuant to Arkansas Supreme Court Rule 6-9(i)(3), appellant filed pro se points for reversal.

The record shows that the children were taken into custody in March 2013 following a thirteen-month long protective-services case. Despite numerous services provided during the protective-services case, there were multiple investigations for inadequate supervision,

medical neglect, educational neglect, and environmental neglect. When the children were taken into custody, the family's home had no gas or water, was filthy, and was infested with lice and roaches. The children had head lice, were dirty and not properly clothed, and were in need of medical care. Appellant failed to comply with the case plan or make any progress toward alleviating the causes of the children's removal. She had been arrested numerous times since the children were taken into custody, and at the time of the June 2014 termination hearing, had been incarcerated since September 2013. After a hearing, the court found that termination was in the children's best interest and that multiple grounds for termination had been proved.

Appellant argues in her pro se points that she had bettered herself while incarcerated and had made progress since her release. However, post-termination progress is not a ground for reversal of an order terminating parental rights. *Weaver v. Arkansas Department of Human Services*, 2012 Ark. App. 437.

Based on our examination of the record and the briefs presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit termination cases, and we hold that the appeal is wholly without merit. Consequently, we grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

Affirmed; motion to withdraw granted.

GLADWIN, C.J., and BROWN, J., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

*Tabitha Baertels McNulty*, DHS Office of Policy and Legal Services; and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.